## LOUIS ROLLER ET UX.
*vs.*
## WILLIAM J. COX
## STATE HIGHWAY COMMISSIONER

Superior Court     New Haven County     File No. 56920

## MEMORANDUM FILED JANUARY 2, 1941.

*Omar W. Platt,* of Milford, and *Ephraim E. Sinn,* of New Haven, for the Plaintiffs.

*Francis A. Pallotti,* Attorney General, and *Richard F. Corkey,* Assistant Attorney General, for the Defendant.

MUNGER, J. This action is an appeal taken to the first Tuesday of June, 1939, from the appraisal of land belonging to the plaintiffs made by the defendant as State Highway Commissioner. The complaint states that the appraisal made by the defendant was $3,533.

On June 16, 1939, the case was referred to the Hon. Frederick M. Peasley as State Referee. A report was filed by him June 24, 1940, and an amendment to this report was filed on July 15, 1940. The total damage, as a result of all taking over of land described in the complaint, as found by the amended report, is $3,960.

The plaintiffs have filed a remonstrance to the report and there are two grounds upon which it is based. It is said that the referee refused to grant a continuance at the request of counsel for plaintiffs and insisted that the hearing go forward although plaintiffs' counsel was unable to be at the hearing with witnesses. It is further said as a second ground of re-monstrance that the state referee was disqualified to hear the case and that a motion to revoke the reference to him had been filed in this court and claimed for the short calendar on June 28, 1940.

In so far as the remonstrance is based upon the refusal of the state referee to grant a continuance, it is without merit. The evidence certified discloses the following facts. After the case was assigned for hearing on June 24, 1940, Mr. Sinn, one of the counsel for the plaintiffs, wrote to Mr. Richard F. Corkey, attorney for the defendant, saying that Judge Platt of Milford also appeared as counsel in the case, and he would be unable to try the case on June 24th and that they were asking Judge Peasley for a continuance.

On June 15th, the same day, Mr. Sinn wrote to Judge Peasley asking for this continuance. On June 17th, Mr. Corkey wrote to Mr. Sinn saying that he would not agree to a continuance. By way of parenthesis, it may be stated that the record shows that this was exactly one year from the date upon which the case was referred to Judge Peasley. On June 20th Judge Peasley wrote to Mr. Sinn stating he could not grant a continuance and advised him that the hearing would be held on June 24th. Mr. Sinn notified Judge Platt by telephone of this fact and on June 22nd, Mr. Sinn sent a telegram to Judge Peasley saying that he had notified Judge Platt that the hearing was assigned for June 24th and again advised Judge Peasley that they could not try the case on this date. On June 22nd the plaintiffs filed a motion in court asking that the reference to Judge Peasley be revoked on the ground that he was disqualified and on the day before, to wit, June 21st, Mr. Sinn wrote to Judge Peasley stating that they had filed a motion to revoke the reference to him and stated further it had been claimed for the short calendar on June 28th. Nowhere is there any evidence certified, nor does it anywhere appear in the record, that Judge Peasley was notified upon what ground this motion was based.

The only reason ever given to Judge Peasley for inability to go on with the case on June 24th was that Judge Platt, associate counsel in the case, was prosecutor of the Town Court of Milford and that he was also Judge of Probate for the District of Milford and that his engagements in these courts would prevent him from proceeding with the hearing before him on June 24th. It appears, therefore, on June 20th, that Judge Peasley had definitely notified Mr. Sinn that he would not grant a continuance and no reason appears why the plaintiffs could not have proceeded if they had attempted to be ready on June 24th, the date of the hearing. It cannot be seriously claimed that the duties of Judge Platt either as

prosecutor of the Town Court of Milford or as Judge of the Probate Court were a sufficient reason for a continuance of the case before the state referee. No particular matters of moment or urgency on the part of counsel were mentioned. The state referee was sitting as an officer of the Superior Court and in the absence of more compelling reasons than the evidence certified discloses, it must certainly be held that counsel should have arranged their engagements in such a manner as to permit the hearing to go forward before Judge Peasley on June 24th. A very unhappy state of affairs would from time to time arise if precedence should not be granted to this court under the circumstances.

The second ground of remonstrance is that the state referee was disqualified to hear the case.

On June 22, 1940, the plaintiff filed in this court a motion to revoke the reference as follows:

"1. The land involved in these condemnation proceedings lies contiguous to land formerly owned by Hugo Roller, the plaintiff's son.

"2. After said Hugo Roller had accepted an award of damages in conformity with Sec. 1529 of the General Statutes, 1930, the Hon. Frederick M. Peasley, State Referee, expressed in writing his opinion that the damages resulting from the taking of a parcel of that land was $10.00 even though the State of Connecticut has offered $1,790.

"3. This opinion was reached without a hearing and without reference to any litigation then pending before him."

As before stated, this motion was claimed for short calendar on June 28, 1940. It nowhere appears that Judge Peasley ever saw this motion or that he ever knew of its contents or that he was ever advised either by Mr. Sinn or by Judge Platt of the grounds of the motion. The evidence certified by the plaintiffs in support of the remonstrance contains the following colloquy which took place at the hearing on June 24th between Mr. Sinn and the referee:

Mr. Sinn: "I think this additional fact should be stated for the record, your Honor; that Judge Platt and I are co-counsel in this case. I didn't call Judge Platt into the case, and he didn't call me. The client called both of us in. We are expected to participate, both, in the case. It isn't a case where I called in trial counsel and could replace him."

The court: "The statute requires ten days notice to the parties who are to appear at hearings before a State Referee. The notice in this case was mailed on June 12th for hearing to be held on June 24th. The first intimation I had that there was any desire to have any continuance was when I received the letter, Exhibit C, stating that Judge Platt and Mr. Sinn requested a continuance. It is to be noted that no reason or excuse for a continuance was given in that letter, and the time allotted for hearing, as stated in my letter to Mr. Sinn under date of June 20th, would carry over, if continued, late into July or into August, which, without reasons for continuance, would be a considerable inconvenience to me. I next heard from Mr. Sinn as shown on Exhibit G when, after the denial of his motion for a continuance, no reasons being given therefor, he wrote stating that a motion had been filed for revocation of the reference, again giving no reasons or excuse for the filing of any such motion. In order that there might be no misunderstanding, when in Bridgeport on Saturday, on another case, I called up Mr. Sinn and informed him that he was in error in assuming that a motion to revoke necessarily continued any hearing before a State Referee, at which time the additional reason for a continuance was given; Judge Platt would be presiding as judge of the Town Court on Monday."

Mr. Sinn: "Prosecutor in the Town Court, your Honor."

The court: "Prosecutor?"

Mr. Sinn: "Yes, and judge of the Probate Court."

The court: "Engaged, anyhow, before that court on Monday. This is the first and only substantial reason for a continuance, and at the eleventh hour it seemed to me rather late. I informed Mr. Sinn that the hearing must proceed in accordance with the assignment. And thereafter I received the telegram, a copy of which is in evidence, which does not seem to me, not having examined the motion for a revocation, that there is any reasonable likelihood that any motion would be granted, and I think the hearing should proceed."

In what way the state referee could be apprised of the grounds upon which it was claimed he was disqualified without being told of them is not clear. It does clearly appear that at the time of the hearing Judge Peasley was notified only that a motion to revoke the reference to him had been made.

It does not anywhere appear in the evidence that any knowledge was brought home to him of the claimed disqualifications to hear the case upon which the motion to revoke was based. Not knowing the fact that it was claimed that he was disqualified, it obviously follows that he could not know the ground upon which the disqualifications were based. Under these circumstances it would appear to be grossly unfair to hold that there was any impropriety on the part of the state referee in proceeding with the hearing after repeated and specific notice to counsel that it would be heard on that day.

Furthermore, there appears to be no support whatever to the claim of disqualification on the part of the referee which was made in the motion to revoke which has been before the court. It does not appear that the referee had made any statement as to the value of the land concerning the case before him. It is said that the remark made by him referred to an adjoining parcel of land. Upon what ground could it be claimed that this disqualified him from hearing the facts in a case before him?

As suggested by Judge Comley the defendant filed an answer to the allegations of the remonstrance upon the conceded facts as they appear upon the evidence certified. The remonstrance is without merit. It is interesting to note also that the appraisal of damages from which the plaintiffs appealed made by the defendant, as before stated, are $3,533. As a result of the appeal it appears by the amended report of the referee the damages awarded are $3,960. Though it is not perhaps relative to any discussion of the ground of remonstrance, it does appear that the plaintiffs have gained substantial advantage by their appeal. This, of course, is unimportant, but for the reasons stated above no ground appears for recommitting the report.

The remonstrance is overruled and the report of the state referee is accepted.